## D. M. OSBORN & CO.

### v.

## JAMES C. MINER.

*Accounts—Adjustment of—Settlement by Parties—Effect of Settlement being Signed—Instructions.*

A complicated account extending through a series of years, which the parties have gone over and adjusted together, is not to be lightly re-

opened, but the settlement is not conclusive, even though in writing and signed by the parties, and if errors appear they may be corrected. Two juries having passed upon the questions of fact involved in the case at bar and reached substantially the same conclusion, this court refuses to disturb the verdict, no errors of law appearing.

[Opinion filed April 11, 1892.]

APPEAL from the County Court of McDonough County; the Hon. J. H. WALKER, Judge, presiding.

Messrs. D. CHAMBERS and SHERMAN & TUNNICLIFF, for appellant.

Mr. T. J. SPARKS, for appellee.

MR. JUSTICE WALL. This was an action of assumpsit brought by appellant against appellee. The claim of the plaintiff was for $354.45. The defendant filed pleas of general issue and notice of set-off. Two trials by jury have occurred. On the first trial a verdict was rendered for defendant; on the second the verdict was for $25, in defendant's favor against the plaintiff. A motion for new trial was interposed upon the rendition of the last verdict but was overruled and judgment was rendered according to the verdict.

The controversy grows out of a long series of transactions between the parties under contracts of agency during a period of seven or eight years. The plaintiff was engaged in manufacturing agricultural implements and furnished its manufactured products to the defendant for sale on commission. The contracts in writing were several times renewed. They are quite long and embrace many conditions and provisions not necessary to be here stated. The specific items which the plaintiff sought to recover upon were a small balance on account of $9.85 and certain promissory notes taken for the sale of machines which, by the terms of the contract of agency, were guaranteed by the defendant. Several settlements were had by the defendant with the

plaintiff's agents and accountants and the major part of his defense consists of alleged errors in these settlements. He also claims credit for overpayments aside from errors in said settlements. He further claims that he was charged $150 for a binder he did not receive, and that he is entitled to commission on machines which he ordered and which the plaintiff failed to send. He also claims credit for certain expenses in collecting the notes of Boyer & Hamilton and Greene. The court admitted proof of the amount of this last item but by instruction excluded it from the jury.

The substance of the controversy then is, whether there were errors in the several settlements and whether the items for the binder which he claims he did not receive and for the commissions on the machines not sent, though ordered, should be allowed. All these matters are really questions of fact, though the appellant raises questions of law in regard to the admission of evidence and the giving of instructions touching the various items in dispute. The most serious contention seems to be with regard to the admission of evidence as to errors in the settlements. The appellant insists that because the appellee, in writing, certified to the correctness of the settlements, there arose a contract or agreement which can be upturned or reformed only by showing a mutual mistake. We can not assent to this proposition. The mere signing of the settlement gave it no additional legal effect. It might give it more weight as evidence, but it did not preclude either party from showing that error had been committed or that improper charges had been made knowingly by the plaintiff's agents. The alleged error in admitting this proof and in the giving of an instruction complained of is not in our opinion well assigned. Whether the binder was improperly charged is a matter as to which the evidence is conflicting. The positive statement of appellee is on one side, and on the other is an alleged admission by him to the contrary; and so as to the commission on machines ordered and not sent, there is his positive statement opposed by evidence tending to show that these orders were not *bona fide*. Omitting the charges

for expenses in the collection of the Boyer & Hamilton and Greene notes the credits and set-offs claimed would largely exceed the demand of the plaintiff. We do not feel called on to go into an analysis of all the evidence on the various matters in dispute. To do so would require more space than is practicable and would be of no special service. In the view we take of the case we find no sufficient warrant to interfere with the conclusion reached by the jury as to the questions of fact. A complicated account, extending through a series of years, which the parties have gone over and adjusted together, ought not to be lightly reopened; but the settlement is not conclusive and if errors appear they should be corrected. It may be true as urged that the position of the defendant in regard to these and all other items claimed by him, either by way of correction, overpayment or otherwise, was merely an afterthought. But this involves largely the question of good faith and integrity, as to which the jury could determine better than we can.

When it is remembered that two juries have come to substantially the same conclusion, the matter should be allowed to rest as they have left it unless the rulings of the court plainly and unduly affected the result.

As to instructions, we think the appellant has no just ground of complaint. The court gave, at appellant's instance, all that by any fair view of the case was necessary. All that was pertinent or proper in the refused instruction will be found in those given. Nor is there any real ground of complaint as to those given at the instance of appellee. The criticism thereon found in appellant's brief is rather too refined, and we think when the whole series on both sides is taken together, it can not be said that the jury were misled, or left in the dark as to any point of law necessary for them to know.

Possibly the result is not in accord with the real merits, but we are not disposed to hold that it is against the evidence or the law applicable thereto.

The judgment will be affirmed.

*Judgment affirmed.*